UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YVETTE MUSE

CIVIL ACTION

VERSUS

NUMBER 08-282-JVP-SCR

LOUISIANA SCHOOL FOR THE
VISUALLY IMPAIRED, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 20, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YVETTE MUSE

VERSUS

LOUISIANA SCHOOL FOR THE
VISUALLY IMPAIRED, ET AL

CIVIL ACTION

NUMBER 08-282-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why her complaint should not be dismissed for failure to timely serve the defendants. Record document number 8. No response has been filed.

A review of the record showed that neither defendant has filed an answer or otherwise made an appearance. The clerk of court issued summonses to the defendants on July 24, 2008.[1] The U.S. Marshal advised the court that the next day the required USM Form 285 for each defendant was mailed to the plaintiff. Because the plaintiff has not completed and returned the forms, nor paid the deposit required by the U.S. Marshal to make service, the defendants have not been served.

Under Rule 4(m), Fed.R.Civ.P., a complaint may be dismissed when the defendant has not been served within 120 days after the complaint is filed. Plaintiff filed her complaint May 8, 2008. The time to serve the defendants has expired. Plaintiff has not

---

[1] Record document number 7.

2

shown good cause for her failure to serve the defendants.

Also, it appears that the plaintiff has abandoned her claim. This case was assigned for a scheduling conference on September 11, 2008.[2] Plaintiff failed to appear for the conference. The order setting the scheduling conference also required her to file a status report. Plaintiff did not file a status report. Since the plaintiff has not offered any reason, much less good cause, to allow her additional time to serve the defendants, there is no basis for the court to exercise its discretion to allow the plaintiff additional time to do so. Pursuant to Rule 4(m), her complaint should be dismissed.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to serve the defendants within the time allowed by Rule 4(m).[3]

Baton Rouge, Louisiana, October 20, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 4.

[3] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *contra Millan v. USAA General Indem. Co.*, ___ F.3d ___ , 2008 WL 4590676 (5th Cir. 10/16/2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).